IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| GREGORY CARROLL, individually and on behalf of the estate of his wife, Linda Carroll (deceased),<br>    Plaintiff,<br><br>v.<br><br>DELPHI AUTOMOTIVE SYSTEMS, LLC; DELPHI PACKARD ELECTRIC SYSTEMS; JENNIFER VARGAS; ROSA CORRALL; and PATRICIA GUTIERREZ,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | EP-11-CV-427-PRM |

## ORDER DENYING MOTION TO REMAND

On this day, the Court considered Plaintiff Gregory Carroll's (Carroll) "Motion for

Partial Remand, Motion to Remand, and Request for Jurisdictional Discovery" (ECF No. 3)

[hereinafter Motion], filed on November 17, 2011; Defendant Delphi Automotive Systems,

LLC's (Delphi) "Response to Plaintiff's Motion to Remand" (ECF No. 7), filed on December 16,

2011; and Carroll's "Reply in Support of Motion for Partial Remand" (ECF No. 8) [hereinafter

Reply], filed on December 20, 2011 in the above-captioned cause. After due consideration, the

Court is of the opinion that Carroll's Motion should be denied for the reasons that follow.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On August 30, 2011, Carroll filed suit in the 346th Judicial District Court, El Paso

County, Texas. Notice of Removal Ex. 3, Oct. 18, 2011, ECF No. 1. On September 20, 2011,

Carroll filed his "First Amended Petition" (Amended Petition), which states that his wife, Linda

Carroll, was employed by Delphi, where she was required to "travel [on] a daily basis to and

from work . . . in Juarez, Mexico." *Id.* Ex. 9 at 3. Carroll alleges that Delphi "had actual

knowledge of Linda Carroll's serious health condition (heart) and knew of the extreme risk of serious bodily injury or death working in . . . Juarez, the most dangerous city in the world at the time." *Id.* Carroll explains that Delphi, nonetheless, required Linda Carroll to travel to Juarez, "knowing of the stress and fears and dangers of a female doing such a task." *Id.* Carroll argues that "on or about August 31, 2010 . . . Linda Carroll was driving a vehicle in . . . Juarez trying to reach work when she had a serious heart attack[] and died." *Id.* Due to her death, Carroll claims that the defendants "are liable to [Carroll] because of common law and statutory negligence [and] wrongful death." *Id.* at 2.

On October 18, 2011, Delphi filed its notice of removal, alleging that the Court has diversity jurisdiction over this case and that Carroll improperly joined the non-diverse defendants. Notice of Removal 1-12. On November 17, 2011, Carroll filed his Motion, the subject of the instant Order.

## II.    LEGAL STANDARD

A civil action brought in state court may be removed to federal court by a defendant if "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a) (2006). The district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." § 1331. Additionally, district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." § 1332(a)(1). For a suit to be removed based on diversity of citizenship, "none of the parties in interest properly joined and served as defendants [can be] a citizen of the State in which such action is brought." § 1441(b).

2

Once a civil action is removed to federal court, a plaintiff may challenge the removal by

filing a motion to remand pursuant to 28 U.S.C. § 1447(c). Because "[f]ederal courts are courts

of limited jurisdiction," *Peoples Nat'l Bank v. Office of Comptroller of the Currency of U.S.*, 362

F.3d 333, 336 (5th Cir. 2004), they must "presume[] that a [suit] lies outside th[eir] limited

jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). In a removal

action, it is the removing party that "bear[s] the burden of establishing jurisdiction." *Boone v.*

*Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). Because removal raises significant

federalism concerns, courts must strictly, and narrowly, interpret the removal statutes, with any

doubt construed against removal and in favor of remand. *Manguno v. Prudential Prop. & Cas.*

*Ins.*, 276 F.3d 720, 723 (5th Cir. 2002). To determine if subject matter jurisdiction is present for

removal purposes, courts must look to the plaintiff's complaint as it existed at the time of

removal. *Id.*

## III.   ANALYSIS

Here, the parties solely contest whether or not Carroll states a claim pursuant to the Texas

workmen's compensation laws.[1] The federal removal statute, 28 U.S.C § 1445, enumerates

various types of civil actions that cannot be removed and, in particular, provides that "[a] civil

action in any State court arising under the workmen's compensation laws of such State may not

---

[1] In his Reply, Carroll states that the parties conducted jurisdictional discovery, which led him to
conclude that he improperly joined Defendants Jennifer Vargas, Rosa Corrall, and Patricia
Gutierrez. Reply 1-2. Carroll explains, "After taking their depositions, [Carroll] has determined
that Defendant Gutierrez is a citizen of Mexico and . . . there appears to be no reasonable
possibility of recovery against the individual defendants Cor[r]al[l] and Vargas [and that they]
should not be considered for purposes of the Court's subject matter jurisdiction." Reply 1-2.
Therefore, Carroll no longer moves the Court to order the parties to engage in jurisdictional
discovery. Further, Carroll no longer moves for remand of the entire cause, but only asks the
Court to remand the alleged workmen's compensation claim. *See id.* 1, 5 (referring to the
Motion as solely a "Motion for Partial Remand" and praying that the Court remand only his
contested workmen's compensation claim).

be removed to any district court of the United States." § 1445(c). In *Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112 (5th Cir. 1998), the Fifth Circuit held that state workmen's compensation claims must be remanded regardless of whether defendants premise removal on a federal question or diversity of citizenship. *Id.* at 1118-19. Accordingly, if Carroll is correct that his claims are indeed Texas workmen's compensation claims, then the Court is obligated to remand his claim to state court.

However, Carroll's Amended Petition does not state a claim pursuant to the workmen's compensation statutes. Instead, Carroll solely claims that Delphi is "liable to [Carroll] because of common law and statutory negligence [and] wrongful death." Am. Pet. 2. Despite having filed a petition and an amended petition, the first mention of the workmen's compensation claim arises in Carroll's Motion, where he equivocally states that he "may" have a nonremovable workmen's compensation claim. Mot. 5; *but see Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999) ("[W]e have never held that a particular plaintiff might possibly establish liability by the mere hypothetical possibility that such an action could exist. To the contrary, whether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery." (citing *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 218-21 (5th Cir. 1995); *City of Alamo v. Casas*, 960 S.W.2d 240, 251-52 (Tex. App.–Corpus Christi 1997, writ denied))). That is, Carroll attempts to construct a workmen's compensation claim *after* removal; yet mandatory authority requires the Court to view Carroll's claims as they existed in his Amended Petition, not as he portrays them in his post-removal Motion.[2] *Manguno*, 276 F.3d at 723 (requiring courts to look to the plaintiff's

---

[2] Carroll acknowledges that that he "did not specifically plead" his workmen's compensation claim, but maintains that, "absent special exception, Texas state pleading [standards] require[] only that a party plead a cause of action in general terms." Reply 5. This analysis misstates the

4

complaint as it existed at the time of removal).  Because the parties do not contest the removability of Carroll's remaining claims, the Court is of the opinion that Carroll's failure to state a workmen's compensation claim in his Amended Petition invokes the Court's diversity jurisdiction in this cause.

## IV.    CONCLUSION

Although Carroll claims to have raised a nonremovable claim under the Texas workmen's compensation statute, the Court is of the opinion that he failed to do so in his Amended Petition prior to removal.

Accordingly, **IT IS ORDERED** Plaintiff Gregory Carroll's "Motion for Partial Remand, Motion to Remand, and Request for Jurisdictional Discovery" (ECF No. 3) is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk of the Court shall strike Defendants Jennifer Vargas, Rosa Corrall, and Patricia Gutierrez from this cause.

**IT IS FINALLY ORDERED** that Plaintiff Gregory Carroll shall file an amended

---

issue because the instant case has been removed to federal court and once in federal court, to use Carroll's own words, the procedural requirement "is a question of federal law, not state law." Reply 4.  Federal courts apply state substantive law "when adjudicating diversity-jurisdiction claims, but, in doing so, they apply federal procedural law to the proceedings." *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991); *see also Hanna v. Plumer*, 380 U.S. 460, 465-67 (1965); *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938).  Federal courts follow the procedural pleading requirements set out in Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  As Rule 8 is directly on point for this issue "and is valid, it is controlling, and no regard need be paid to contrary state provisions." *Exxon Corp. v. Burglin*, 42 F.3d 948, 950 (5th Cir. 1995).  Because Carroll fails to provide a "short and plain statement" of the reputed workmen's compensation claim, he fails to satisfy the minimal requirements for stating such a claim pursuant to federal procedural law.

petition that conforms to Federal Rule of Civil Procedure 8 **by no later than February 10,**

**2012.**

SIGNED this *13* day of **January, 2012**.

_____
PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE